IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-95-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| CALVIN WATSON, ) | |
| Defendant. ) | |

This matter is before the Court on defendant's motion to reconsider [DE 23]. The government opposes the motion. For the reasons stated herein, the motion to suppress is DENIED.

By order dated August 22, 2014, this Court denied defendant's motion to suppress. [DE 21]. Defendant now asks the Court to reconsider its ruling and suppress all physical evidence and statements obtained as a result of the August 27, 2013 interrogation or, in the alternative, to hold an evidentiary hearing on the matter. Defendant bases his motion on what he argues is a material disputed fact – who the legal tenants of the Harp Road residence were. The court notes that it incorrectly summarized the facts and stated that two individuals were the legal tenants at 1014 Harp Road, when the police report stated that they were the legal tenants of 1421-A Sawyer Rd. However this error is inconsequential as the Court based its finding that reasonable suspicion existed on a number of other factors including 1) a confidential informant's tip; 2) corroboration of that tip through two weeks of surveillance; 3) officers' knowledge of defendant's prior drug activity; 4) the odor of marijuana outside defendant's vehicle; and 5) officers' experience with drug and gang activity at the locations defendant frequented. [DE 21 at 4]. Simply put, there is

no need for an evidentiary hearing to determine which tenants lived where, as defendant has failed to raise sufficient grounds for this Court to reconsider its order. Accordingly, the motion to reconsider is DENIED.

SO ORDERED,

this __3__ day of September, 2014.

                                        TERRENCE W. BOYLE
                                        UNITED STATES DISTRICT JUDGE