IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-95-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CALVIN WATSON, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on defendant's renewed oral motion to suppress. For the reasons stated herein, the motion to suppress is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On October 1, 2014, a jury trial in this matter was commenced. During trial, defendant renewed his motion to suppress [DE 19] that this Court had previously considered and denied [DE 21] and reconsidered and denied [DE 25] based on the briefing. Once Detective Wilkins began testifying, the Court held a recess and then held a hearing outside of the jury's presence to allow for the exploration of the factual circumstances and officer testimony regarding defendant's motion to suppress. Afterwards, the Court issued an oral order granting in part and denying in part defendant's motion and excluding all evidence collected as a result of the government's unlawful search of 1014 Harp Street.

After issuing its order the parties asked for a recess and came back with a plea agreement. The Court then conducted a Rule 11 hearing and defendant entered a plea of guilty to the lesser-included offense under Count 1. [DE 42]. The jury was released from service.

## DISCUSSION

The Court reaffirms its reasoning in denying the motion to suppress as to the search and seizure of Mr. Watson's person on August 27, 2013. [DE 21]. However, after hearing the evidence during the voir dire of Detective Wilkins, the Court reconsiders its position on the lawfulness of the search of 1014 Harp Street.

Mr. Watson was detained by police, arrested, and searched. During the search of his person, the police recovered drugs and Mr. Watson's key to the front door of 1014 Harp Street. The police then undertook what the government characterized as a "protective sweep" of 1014 Harp Street using the key they had obtained from the person of Mr. Watson during their search. Detective Wilkins testified that the purpose of the sweep was to make sure the premises was empty so as to prevent the destruction of evidence the police believed would be found in 1014 Harp Street due to the confidential informant's tip. Although the government later argued that this sweep was also conducted for the purpose of officer safety, no testimony as to this purpose was offered. Further, the search and seizure of Mr. Watson was conducted outside of 1014 Harp Street. It does not appear to the Court that the subsequent sweep of 1014 Harp Street was necessary or lawfully conducted as officers did not have a warrant to enter the premises, Mr. Watson did not give them permission to enter the premises, and there were no exigent circumstances that necessitated their entry. However, as no evidence was recovered during the sweep, defendant's suppression motion does not hinge on the lawfulness of the protective sweep.

After performing the sweep, the police brought Mr. Watson into the house and placed him on the couch in handcuffs. At this point Mr. Watson had not yet been read his *Miranda* rights. Something to the effect of "we have probable cause to get a warrant to search, or you can just consent to the search now" was said to Mr. Watson. At this point, Mr. Watson replied that

2

Case 5:14-cr-00095-BO Document 45 Filed 10/10/14 Page 2 of 3

his girlfriend would be upset if her house was torn up and therefore he would consent to the search. The police testified that Mr. Watson orally consented to the search and that they obtained a written permission for the search.

When consent is voluntarily given, the resultant search should be deemed reasonable and permissible. *Schneckcloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Consent is evaluated by looking at the totality of the circumstances in the case. *Id.* at 229–30. In examining the totality of the circumstances:

> It is appropriate to consider the characteristics of the accused (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the consent to search was given (such as the officer's conduct; the number of officers present; and the duration, location, and time of the encounter).

*United States v. Elie*, 111 F.3d 1135, 1144 (4th Cir. 1997) (quoting *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). Here, examining the totality of the circumstances, including the fact that Mr. Watson was not informed of his right to remain silent, aided by Detective Wilkins's testimony, the Court concludes that Mr. Watson's consent to search was not given voluntarily and therefore the evidence obtained from the search of 1014 Harp Street must be suppressed. *Lattimore*, 87 F.3d at 650.

## CONCLUSION

For the foregoing reasons, defendant's motion to suppress is GRANTED IN PART and DENIED IN PART.

SO ORDERED,

this ___ day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3